```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

         DEC 2 8 2010

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THORNE HUCK et al.,                       )
                                          )
            Plaintiffs,                  )
                                          )
    vs.                                  )     3:09-cv-00643-RCJ-VPC
                                          )
COUNTRYWIDE HOME LOANS, INC. et al.,      )     **ORDER**
                                          )
            Defendants.                  )
                                          )
_____ )

       This case arises out the foreclosure of Plaintiff Thorne Huck's mortgage. Pending before the Court are four motions: two motions to dismiss, a motion to remand, and a motion to stay. Plaintiffs have not responded to the motions to dismiss but have filed notices that they intend not to respond until their motion to remand is resolved.[1] For the reasons given herein, the Court grants the motions to dismiss in part and denies them in part, denies the motion to remand, and denies the motion to stay as moot.

## I.    FACTS AND PROCEDURAL HISTORY

       On April 3, 2006, Plaintiff Thorne Huck gave lender Countrywide Home Loans, Inc.

---

[1] This constitutes consent to granting the motions. L.R. Civ. Prac. 7-2(d). Plaintiffs allege they should not be "burdened" with answering Defendants' motions in federal court while their motion to remand is pending, but there is no burden beyond what would exist in state court, where Defendants surely would have filed the same motions to dismiss had the case not been removed. In fact, Plaintiffs would only have had ten (10) days to respond to those motions in state court before failure to respond constituted consent to granting the motions, *see* Nev. Dist. Ct. R. 13(3), whereas they had fifteen (15) days to respond in this Court, *see* L. R. Civ. Prac. 7-2(b), (d). Far from further burdening Plaintiffs in this regard, removal had the effect of giving Plaintiffs an additional five days to respond to the motions.

1  ("Countrywide") a promissory note in the amount of $168,000 to purchase real property located

2  at 213 Endeavor Ln., Fernley, NV 89408 ("the Property"), secured by a deed of trust ("DOT")

3  against the Property. (*See* Adjustable Rate Note 1, 4, Apr. 3, 2006, ECF No. 8, Ex. B; DOT 1–4,

4  Apr. 3, 2006, ECF No. 8, Ex. A).[2]  The trustee on the DOT is Recontrust Co., N.A. (*See id.* 2).

5  The interest rate was fixed at 6.625% until May 1, 2011, with monthly payments of $927.50. (*See*

6  Adjustable Rate Note 1).

7        On October 26, 2009, an employee of Security Union Title Insurance Co., as agent for

8  BAC Home Loans Servicing, LP (formerly known as Countrywide Home Loans Servicing, LP),

9  as agent for Trustee Corps, recorded a notice of default and election to sell ("NOD") in Lyon

10  County. (*See* NOD, Oct. 26, 2009, ECF No. 8, Ex. F).  There is no indication in the record that

11  any of these agencies had been previously substituted as trustee for Recontrust, or that

12  Countrywide or Recontrust as beneficiary and trustee, respectively, caused any of the entities

13  listed on the NOD to record it.  This indicates a statutory defect in foreclosure that will support

14  an injunction against sale unless and until cured. *See* Nev. Rev. Stat. § 107.080(2)(c).

15        Plaintiffs sued Defendants Countrywide; Countrywide Financial Corp.; Merscorp, Inc.;

16  Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America Corp., N.A.;

17  Recontrust Co., N.A.; and Kumud Patel in state court, asserting fourteen causes of action.

18  Defendants removed.  The case was transferred to Case No. 2:09-md-02119-JAT in the District

19  of Arizona, and this Court stayed the case pending remand.  In accordance with the Judicial Panel

20  on Multidistrict Litigation's partial remand order, Judge Teilborg has determined that the first

21  cause of action and part of the third, fourth, and tenth through twelfth causes of action (insofar as

22  they do not concern MERS) have been remanded to this Court. (*See* Am. Order 8:16–17, June 4,

23

24        [2]Yvonne Huck joins as a Plaintiff, although she does not appear to be liable on the note as
    a signatory, but only to the extent her share of community property is vulnerable to satisfy it as a
25  matter of law.

1   2010, ECF No. 24).  The Court may therefore rule on the following causes of action without a

2   risk of inconsistent rulings by the MDL court: (1) Unfair Lending Practices Under Nevada

3   Revised Statutes ("NRS") Section 589D.100; (3) Injunctive Relief; (4) Declaratory Relief; (10)

4   Civil Conspiracy; (11) Racketeering Under NRS Section 207.470; and (12) Unjust Enrichment.

5   **II.      LEGAL STANDARDS**

6         **A.      Remand for Lack of Subject Matter Jurisdiction**

7               Federal courts are courts of limited jurisdiction, possessing only those powers granted by

8   the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)

9   (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The party

10  asserting federal jurisdiction bears the burden of overcoming the presumption against it.

11  *Kokkonen*, 511 U.S. at 377.  Federal Rule of Civil Procedure 12(b)(1) provides an affirmative

12  defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Additionally, a court

13  may raise the question of subject matter jurisdiction sua sponte at any time during an action.

14  *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).  Regardless of who raises

15  the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must

16  dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing

17  16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

18              A district court's jurisdiction extends to cases removed from state court under particular

19  circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original

20  jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

21  United States shall be removable without regard to the citizenship or residence of the parties.

22  Any other such action shall be removable only if none of the parties in interest properly joined

23  and served as defendants is a citizen of the State in which such action is brought.").  In cases

24  removed from state court, a federal court later finding a lack of subject matter jurisdiction does

25  not dismiss, but must remand to state court. 28 U.S.C. § 1447(c).  A decision to remand a case

1  removed on any other basis than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not

2  reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

3          A defect in removal exists where jurisdiction is predicated purely on diversity and one or

4  more defendants is a citizen of the forum state. *See* § 1441(b). This is the "forum defendant"

5  rule. However, the citizenship of a defendant who has been fraudulently joined is discounted.

6  *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Where fraudulent joinder is

7  alleged, a court does not take the allegations of citizenship in the complaint as true but permits

8  the defendant seeking removal to present facts showing fraudulent joinder. *See id.* "Joinder is

9  fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the

10 failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris* USA, 582

11 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in

12 original).

13         **B.      Rule 12(b)(6)**

14         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

15 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

16 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

17 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

18 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

19 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

20 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

21 failure to state a claim, dismissal is appropriate only when the complaint does not give the

22 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

23 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

24 sufficient to state a claim, the court will take all material allegations as true and construe them in

25 the light most favorable to the plaintiff. *See NL Indus.. Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

1  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

2  conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden*

3  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

4  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

5  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v.*

6  *Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

7          "Generally, a district court may not consider any material beyond the pleadings in ruling

8  on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the

9  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

10  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents

11  whose contents are alleged in a complaint and whose authenticity no party questions, but which

12  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

13  motion to dismiss" without converting the motion to dismiss into a motion for summary

14  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

15  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

16  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

17  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

18  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

19  2001).

20  **III.    ANALYSIS**

21          **A.    Motions to Remand and to Stay**

22          The Court denies the motion to remand.  Plaintiffs have sued one non-diverse, forum-

23  resident Defendant: Patel.  Patel is fraudulently joined, however, and his joinder therefore does

24  not defeat diversity.

25          An agent is personally liable to third parties for his own torts, regardless of whether he is

1    acting on behalf of a corporate principal within the scope of his employment, but unless the agent

2    and the third party agree, the agent is not liable on contracts entered into by the agent on behalf of

3    the principal where the principal is disclosed. *See* Restatement (Third) of Agency § 7.01 & cmt. b

4    (2006).  Agents in Nevada can be personally liable in tort for misrepresentations they make to

5    third parties. *See Nev–Tex Oil & Gas v. Precision Rolled Prods.*, 782 P.2d 1311, 1311 (Nev.

6    1989) (citing *Carrell v. Lux*, 420 P.2d 564, 576 (Ariz. 1966); *Pentecost v. Harward*, 699 P.2d

7    696, 699 (Utah 1985)).  Although the Nevada Supreme Court has not directly ruled on the

8    question, the states appear to be in agreement that an agent cannot be liable on a contract entered

9    into on behalf of a principal where the agent has disclosed the principal. *See, e.g., Eppler, Guerin*

10   *& Turner, Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex. 1985); *Rathbon v. Budlong*, 15 Johns. 1,

11   2–3 (N.Y. 1818) (holding that an employee of a company could not be not liable in contract for

12   actions taken on behalf of corporation).

13        Patel cannot be liable in contract here, because he is alleged only to have acted in his

14   capacity as an agent for the institutional Defendants.  Furthermore, he is alleged only to have

15   "participated in the procurement, drafting, or presentment of the documents and transactions

16   creating the causes of action alleged herein."  This is not enough to state a tort claim against him

17   under *Iqbal* and *Twombly* because it is not a tort to "participate[] in the procurement, drafting, or

18   presentment of [loan and mortgage] documents."  There are no factual allegations indicating how

19   Patel is liable for any tort due to this activity.  It is consistent with the Complaint that Patel

20   merely handed papers to Huck to sign, without even knowing much about what was in them or

21   having any intent to defraud.  It is also consistent with the Complaint that he merely printed

22   copies of the documents or performed some other innocuous task touching upon the documents

23   that would not possibly give rise to tort liability.

24        Additionally, it appears that Patel has never been served.  He therefore has not been

25   "properly joined and served," 28 U.S.C. § 1441(b), and although an unserved forum defendant

1  cannot be discounted in determining jurisdiction simply because he is unserved, the failure to

2  serve him even long after removal is a powerful indicator of fraudulent joinder because it

3  indicates a lack of intent to proceed against him in good faith.

4          The Court finds that Patel is fraudulently joined and denies the motion to remand. Even

5  if remand were otherwise appropriate, part of the case is still pending before the MDL in the

6  District of Arizona, and a remand order applying only to certain causes of action in the case

7  would be a procedural catastrophe. Finally, the motion to stay is denied as moot because it

8  simply requests a stay until a ruling on the present motion to remand.

9      **B.      Motions to Dismiss**

10          **1.      Unfair Lending Practices Under NRS Section 598D.100**

11         Huck alleges that he was preyed upon because the lender didn't scrutinize his income

12  closely enough.[3] Plaintiff obtained the loan in the present case on April 3, 2006. The statute of

13  limitations under section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the

14  present case was brought on September 23, 2009. The statute of limitations therefore bars this

15  cause of action.

16         Furthermore, the pre-2007 statute did not apply to mortgages that qualified as residential

17  mortgage transactions under HOEPA, as here, where a security interest is retained against the

18  property to finance its acquisition or construction. *See* Nev. Rev. Stat, § 598D.040 (2005); 15

19  U.S.C. § 1602(aa)(1), (w). Also, Patel is not a "lender" under Chapter 598D because he is not a

20  mortgagee, beneficiary under a deed of trust, or other creditor with respect to the loan, so this

21  cause of action cannot apply against him for this additional reason. *See* Nev. Rev. Stat.

22  § 598D.050.

23  _____

24         [3]Under the first cause of action, the Property is incorrectly identified as "1240 Eider
    Circle, Fallon, Nevada." (*See* Compl. ¶ 47, ECF No. 1-1).
25

1        Finally, section 598D.100 was amended in 2007, with an effective date of June 13, 2007.

2   *See* 2007 Nev. Stat. 2844–46.  Therefore, the pre-2007 version of the statute applies to the

3   present case.  The prior statute, which applies here, made it actionable if a lender made "a home

4   loan to a borrower based solely upon the equity of the borrower in the home property and without

5   determining that the borrower has the ability to repay the home loan from other assets . . . ." Nev.

6   Rev. Stat. § 598D.100 (2006).  Plaintiffs have not alleged facts indicating a violation of the

7   statute but have simply alleged in conclusory fashion that Defendants violated it. (*See* Compl.

8   ¶ 47).  This is insufficient; Plaintiffs must "alleg[e] specific facts showing how Defendants failed

9   to adhere to this statutory requirement . . . ." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp.

10  1254, 1259–60 (D. Nev. 2009) (Hunt, C.J.) (dismissing a claim under the post-2007 version of

11  the statute).  Plaintiffs claim that the loan was based on "stated income" with no verification of

12  that income.  Plaintiffs fail to allege whether they in fact incorrectly stated their income on the

13  loan documents.  Moreover, the statute does not require any particular verification method, but

14  only a determination of the ability of the borrower to repay from assets other than an estimated

15  future increase in equity.  Plaintiffs appear to admit that the lender gave them the loan based on

16  the income they reported to the lender.  This is sufficient under the statute.  "The lender should

17  have known I was lying about my income" is not a particularly convincing argument, at least not

18  under the pre–2007 version of the statute.  A lender has the right to presume the borrower is not

19  lying on his application.  As Defendants note, Patel verified Plaintiffs' income by obtaining

20  Thorne Huck's signature on his application, under acknowledgment of civil and criminal

21  penalties for falsehoods therein, wherein Huck claimed a monthly income of $13,750.

22  (Residential Loan Application , ECF No. 17, Ex. H).  Under the post-2007 version of the statute,

23  which requires a "commercially reasonable means" of determining the ability to repay, an

24  argument could be made that a lender who does not verify stated income beyond the signature of

25  the borrower has not fulfilled its duties under the statute, but the pre-2007 version of the statute

1    applies in this case.  The Court dismisses this cause of action.

2           **2.     Injunctive and Declaratory Relief**

3           The Court denies the motion to dismiss as to these causes of action, because there

4    remains a question of fact as to statutory defect in foreclosure. *See* Nev. Rev. Stat.

5    § 107.080(2)(c).  The entity who filed the NOD is not the original trustee or beneficiary, nor is

6    there any evidence indicating the entity who filed the NOD was the agent or successor of one of

7    these entities.  This supports an injunction, so long as Plaintiffs are willing to do equity by

8    making full monthly payments during the injunction period.

9           **3.     Civil Conspiracy**

10          "An actionable civil conspiracy is a combination of two or more persons who, by some

11   concerted action, intend to accomplish some unlawful objective for the purpose of harming

12   another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622

13   (Nev. 1994) (citing *Wise v. S. Pac. Co.*, 35 Cal. Rptr. 652 (Ct. App. 1963); *Bliss v. S. Pac. Co.*,

14   321 P.2d 324 (Or. 1958)).  A corporation cannot conspire with its employees in their official

15   capacities. *Id.*

16          Plaintiffs allege a conspiracy between the institutional Defendants, but they allege no

17   specific agreement.  Plaintiffs allege only that one or more Defendants failed to inform "Nevada

18   mortgagors" of their rights. (*See* Compl. ¶ 107).  This alleges no agreement, much less an

19   agreement to engage in unlawful activity, and it does not even identify Plaintiffs as the particular

20   victims of the alleged conspiracy.  Next, Plaintiffs allege that several Defendants "continue to

21   eject Nevadans from their home [sic] notwithstanding knowledge of their own illegal conduct

22   and unclean hands . . . ." (*Id.*).  This does not cure the deficiencies.  No agreement is pled.  The

23   Court dismisses this cause of action (as to the non-MERS Defendants).

24          **4.     Racketeering Under NRS 207.470**

25          Under Nevada's RICO statute, a private party can bring a civil action for treble damages,

1  attorney's fees, and costs for injures sustained by a violation of section 207.400. *See* Nev. Rev.

2  Stat. § 207.470. Plaintiffs allege Defendants engaged in racketeering. Plaintiffs, however,

3  nowhere identify which unlawful act under section 207.400 they believe Defendants to have

4  committed. Plaintiffs simply quote the definition of "racketeering" under section 207.390 and

5  allege that Defendants engaged in racketeering through predatory lending practices. Plaintiffs

6  have not identified two predicate offenses required to constitute "racketeering." *See* § 207.390.

7  Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping, sexual

8  assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery, assault

9  with a deadly weapon, certain frauds, etc. *See* § 207.360. If the predicate offenses are intended to

10 be frauds, they are not pled sufficiently under Rule 12(b)(6), much less under Rule 9(b). The

11 Court dismisses this cause of action (as against the non-MERS Defendants).

12  **5.    Unjust Enrichment**

13       In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a

14 benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the

15 defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances

16 where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp.,*

17 *Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v.*

18 *McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo.

19 1967))). Unjust enrichment is an equitable substitute for a contract, and an action for unjust

20 enrichment therefore cannot lie where there is an express written agreement. *See Marsh*, 839

21 P.2d at 613 (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d

22 *Restitution* §§ 6, 11 (1973)).

23       Here, Plaintiffs specifically allege contracts. Those contracts, the note and deed of trust,

24 specify their terms. Contracts exist governing the relationship between Thorne Huck and

25

1    Defendants. Plaintiffs do not allege any benefit bestowed upon any Defendant that is not subject

2    to a contract. The Court dismisses this cause of action (as against the non-MERS Defendants).

3            Finally, the Court notes that even if Judge Teilborg has granted a motion to amend in this

4    case or others that are part of MDL Case No. 2:09-md-02119-JAT, such an order can only apply

5    to those causes of action remaining with Judge Teilborg and does not necessarily affect this

6    Court's analysis of whether to permit amendment with respect to the claims pending before this

7    Court. The District of Arizona has no jurisdiction over the causes of action remanded to this

8    Court by the JPML, just as this Court has no jurisdiction over those causes of action not

9    remanded. Both this Court and the Arizona court lack the ability to grant a motion to amend a

10   complaint in its entirety in any case where pretrial jurisdiction is split between them. In such

11   cases, the respective courts have the power only to grant a motion to amend in part, i.e., with

12   respect to the claims before it. This Court has deferred to Judge Teilborg's determinations of

13   which causes of action have been remanded to this Court and which causes of action remain with

14   him. But the Court has deferred to him for the practical purpose of avoiding competing rulings

15   over the same causes of action, not because his determination is binding. It is possible this Court

16   could disagree with Judge Teilborg over which causes of action the JPML has remanded in a

17   particular case, because the JPML has given broad, nonspecific guidance in this regard and has

18   not even indicated whether the transferor or transferee court is to make such determinations.

19   Nevertheless, it is the JPML that has separated and remanded certain causes of action back to this

20   Court, not Judge Teilborg. Unless and until the JPML gives more specific guidance, this Court

21   will continue to defer to Judge Teilborg's determinations of which claims have been remanded in

22   order to avoid the procedural disaster that would befall these cases in the face of competing

23   rulings.

24                                    **CONCLUSION**

25           IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 4) is DENIED.

1        IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 5) is DENIED as moot.

2        IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 9, 27) are

3    GRANTED as to the first cause of action, GRANTED as to the tenth through twelfth causes of

4    action with respect to the non-MERS Defendants, DENIED as to the third and fourth causes of

5    action, and DENIED as to the remaining causes of action for lack of jurisdiction, as these

6    currently remain with Judge Teilborg in Case No. 2:09-md-02119-JAT in the District of Arizona.

7        IT IS FURTHER ORDERED that Defendants will cease foreclosure proceedings for one-

8    hundred (100) days. During this period, Plaintiffs will make full, regular monthly payments

9    under the note every thirty (30) days, with the first payment due fifteen (15) days after the date of

10   this order. Plaintiffs need not pay late fees or cure the entire amount of past default at this time.

11   Failure to make monthly payments during the injunction period, however, will result in a lifting

12   of the injunction.

13       IT IS FURTHER ORDERED that during the injunction period Defendants will conduct a

14   private mediation with Plaintiffs in good faith. This means the beneficiary must send a

15   representative to the mediation who has actual authority to modify the note, although actual

16   modification is not required.

17       IT IS FURTHER ORDERED that Plaintiffs will provide requested information to

18   Defendants in advance of the mediation in good faith.

19       IT IS SO ORDERED.

20       Dated: December 28, 2010

21

22                          ROBERT C. JONES
                        United States District Judge

23

24

25