1  J. CHRISTOPHER JORGENSEN, ESQ.
   State Bar No. 5382
2  SCOTT S. HOFFMANN, ESQ.
   State Bar No. 8498
3  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
4  Las Vegas, NV  89169
   (702) 949-8200
5  (702) 949-8398/fax

6  Attorneys for Defendants

7                    UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THORNE HUCK and YVONNE HUCK, | Case:  3:09-cv-00643-RCJ-VPC |
| Plaintiffs, | |
| vs. | |
| COUNTRYWIDE HOME LOANS, INC., a New York corporation; KUMUD PATEL, individually; COUNTRYWIDE FINANCIAL CORP., a Delaware corporation; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, INC., a Delaware corporation [MERS]; BANK OF AMERICA CORPORATION, N.A.; RECONTRUST COMPANY, N.A.; et al., | **AMENDED ORDER CONCERNING MEDIATION AND INTERIM PAYMENTS** |
| Defendants. | |

Pursuant to Court Order dated December 28, 2010 [Dkt. #42]:

IT IS HEREBY ORDERED that:

(a)     The foreclosure of the property located at 213 Endeavor Lane, Fernley, Nevada, Parcel 20-912-02, is prohibited for 100 days from December 28, 2010, contingent on the following;

   (i)     Plaintiffs shall make full, regular payments under the note every thirty (30) days, with the first payment due fifteen (15) days after December 28, 2010. Plaintiffs need not pay late fees or cure the entire amount of past default at this time; and

IT IS FURTHER ORDERED;

1    That during the injunction period the Defendants will participate in a mediation through
2    the State of Nevada Foreclosure Mediation Program with the Plaintiffs, in good faith and under
3    the following conditions:

4        (i)     Plaintiffs must provide Defendants with all necessary financial
5                information/documentation so a loan modification can be processed;
6        (ii)    Defendants must have an individual, with loan modification
7                authority, present at the mediation and provide all documents
8                required by the state mediation program;
9        (iii)   At the mediation, Plaintiffs are prohibited from making any
10               argument regarding "original note," securitization, existence of the
11               loan, or any other vapor money theories, as contained in their
12               Complaint; and
13       (iv)    The purpose of the mediation is only to determine if Plaintiffs
14               qualify for a loan modification and if a loan modification can be
15               agreed to; and

16   IT IS FURTHER ORDERED that this case is not stayed, and Defendants are permitted to
17   proceed with the filings of any pleadings; and
18   IT IS FURTHER ORDERED that if Plaintiffs do not make the required payments by the
19   dates set forth in this Order, the injunction prohibiting foreclosure will be immediately lifted,
20   without the need of a subsequent court order, and foreclosure can commence.

U.S. DISTRICT COURT JUDGE
DATED: May 11, 2012

1  Respectfully submitted by:

2  LEWIS AND ROCA LLP

3

4  By _____
   J. CHRISTOPHER JORGENSEN, ESQ.
   Attorney for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28